**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Shelley Hanson,**

**Plaintiff,**

**v.**

**Friends of Minnesota Sinfonia, et al,**

**Defendants.**

**Case No. 00-CV-1900 (JMR/FLN)**

**PLAINTIFF HANSON'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS**

---

## INTRODUCTION

Plaintiff Shelley Hanson hereby objects to Defendants' Bill of Costs and moves the Court to deny costs to Defendants in whole or in part.

## BRIEF PROCEDURAL HISTORY

This case was disposed of on summary judgment. There was no trial.

## OBJECTIONS

Plaintiff objects to each and every demand for costs referenced in the Bill of Costs, or which could have been contained in the Bill of costs.

## GENERAL OBJECTIONS

Federal Rule of Civil Procedure 54(d), 28 U.S.C. §1920, or case law interpreting same, require that items sought to be taxed be "necessarily obtained" for the litigation. Copies for the convenience of counsel, for example, are not taxable.[1] *See, e.g.*, Advance Business Systems & Supply Co. v. SCM Corp., 287 F.Supp. 143 (D.C.Md.1968) (where

---

[1] This is acknowledged in the District Court's Procedure for Taxing Costs, General Information document, available online.

original available elsewhere, cost of deposition copy is generally deemed to be for convenience of counsel and not taxable).

Defendants have made no assertions that the items were "necessary," and have provided no affidavits or documentation proving same. This is fatal to defendants' demands for taxable of specific items. *See, e.g.*, Cappeletti Bros., Inc. v. Broward County, 754 F.Supp. 197 (S.D.Fla. 1991) (taxation of costs against plaintiffs whose civil rights complaint was dismissed with prejudice was not possible where defendants' bill of costs failed to distinguish between photocopying or telecopying costs that were incurred for use in case and those which were made for convenience of counsel; copies made for convenience of counsel were not taxable costs) and Desisto College, Inc. v. Town of Howey-In-The-Hills, 718 F.Supp. 906 (M.D.Fla.1989) (similar).

**SPECIFIC OBJECTIONS**

1. Witness fees. Defendants cite no authority for obtaining witness fees for a deposition. There was no trial, and no witness fees paid to witnesses for appearances at trial. The individual (Rachel Brudnoy) identified by Defendants is not an expert witness. Plus, Defendants do not identify this $47.60 in the "expert witness" column. There is no basis for this cost and it should not be awarded.

2. Fees for court reporter for transcripts. This is really a line item referring to depositions transcripts, not trial transcripts. There was no trial. Defendants took only two depositions (Plaintiff Hanson and Rachel Brudnoy), and neither of them were cited in their motion for summary judgment. Defendants voluntarily purchased copies of Plaintiff-taken depositions. This should not be awarded, as copies were unnecessary. None of the depositions (taken by any party) were cited

by Defendants in their motion for summary judgment. Deposition *copies* are generally not taxable (see, e.g., Gilliam v. A. Shyman, Inc., 31 F.R.D. 271 (D.C. Alaska 1962), particularly where defendant could have viewed the original elsewhere. George R. Hall, Inc. v. Superior Trucking Co., Inc., 532 F.Supp. 985 (N.D.Ga. 1982) (copies of depositions noticed by other party and obtain for own use not taxable); Advance Business Systems & Supply Co. v. SCM Corp., 287 F.Supp. 143 (D.C.Md.1968) (where original available elsewhere, cost of deposition copy is generally deemed to be for convenience of counsel and not taxable); Erving Paper Mills v. Hudson-Sharp Mach. Co., 271 F.Supp. 1017 (E.D.Wis. 1967) (allowable costs limited to original of depositions and not expense of copies obtained for convenience of counsel); Modick v. Carvel Stores of New York, Inc., 209 F.Supp. 361 (S.D.N.Y. 1962) (copies obtained for convenience of counsel generally not taxable); Firtag v. Gendleman, 152 F.Supp. 226 (D.D.C. 1957) (cost of copies of deposition are distinguished from costs of original deposition); Christian v. Tackett, 86 F.R.D. 220 (D.C.Miss. 1979) (cost of copies of deposition are distinguished from costs of taking deposition); Chemical Bank v. Kimmel, 68 F.R.D. 679 (D.Del. 1975) (copies of depositions not taxable, where there was ample opportunity to inspect original transcript); Morris Carnathan, 63 F.R.D. 374 (D.Miss. 1974) (copies of depositions not allowed as costs); Hugney v. Consolidation Coal Co., 59 F.R.D. 258 (W.D.Pa. 1973) (even where defendant took deposition, extra copy not taxable); Electronic Speciality Co. v. Int'l Controls Corp., 47 F.R.D. 158 (S.D.N.Y. 1969) (copies of 10 depositions taken by other party not taxable); Fleischer v. A.A.P., Inc., 36

F.R.D. 31 (S.D.N.Y. 1964) (where original available elsewhere, first copy of deposition not taxable). Copies of depositions are not always "necessarily obtained for use in the case" under 28 U.S.C. §1920(2). Soler v. McHenry, 771 F.Supp. 252 (N.D.Ill.1991). Generall, copies purchased for the convenience of counsel are not "necessarily obtained." Ryan v. Arabian American Oil Co, 18 F.R.D. 206 (S.D.N.Y. 1955) (party not entitled to tax cost of copy of deposition taken by other party, because obtained for his own convenience, not because it was "necessary"). For purposes of §1020(2), the court's determination as to whether depositions were necessarily obtained for the use in the case depends upon a factual evaluation of the case by the district judge in terms of the case's progress in his court. George R. Hall, Inc. v. Superior Trucking Co., Inc., 532 F.Supp. 985 (N.D.Ga. 1982). In Griffith v. Mt. Carmel Med. Ctr., 157 F.R.D. 499 (D.Kan. 1994), for example, a copy of a deposition transcript was reasonable where it involved very complex expert testimony. Neither that situation, nor anything similar, is present in this case. In order to tax copies of depositions, defendants must show that under the facts of this case, the need for *copies* was reasonable. Worley v. Massey-Ferguson, Inc., 79 F.R.D. 534 (N.D.Miss. 1978). In the case at bar, it was not necessary for defendant to obtain copies of depositions taken by Plaintiff. This amount of $2, 845.96 should not be charged to Plaintiff.

3. Fee for videotape copy of deposition. Part of the "transcript" fees sought above is really the cost for a videotape of a deposition, which was evidently purchased in addition to the paper transcript of same (see Attachment A, first and last entries).

There is no authority to have this "additional" method of memorializing a deposition charged to Plaintiff, and that is further basis to deny the transcript line item.

4. Copies of medical records. Copy costs are not allowed unless exhibits for trial. See District Court's Procedure for Taxing Costs, General Information. There was no trial in this case. Therefore the fee for copy of medical records ($134.64) should not be charged against Plaintff.

5. Expert fee. Defendants characterize a bill for $1,300 as an "expert" fee, but it is not. There was no trial. This is not the standard $40/day witness fee for an expert testifying at trial. This was a fee for conducting an independent medical exam at the request of Defendants. There is no authority for it to be charged against Plaintiff. There was no trial, no $40/day witness fee, no travel, accommodations or mileage. This request should be denied.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that the Clerk of Court deny defendants' motion in all respects, or deny each requested per the objections.

Dated: July 12, 2004.

**ATTORNEYS FOR PLAINTIFF**

s/Jill Clark

By: Jill Clark, Esq. (196988)
Jill Clark, P.A.
2005 Aquila Avenue North
Golden Valley, MN 55427
PH: 763/417-9102
FX: 763/417-9112